



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY YOUNG,<br><br>  Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Warden,<br><br>  Respondent. | Case No. CV 11-10342-R (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

Petitioner, a California state prisoner currently incarcerated at San Quentin State Prison, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 herein on December 14, 2011.

It appears from the face of the Petition that it is directed to the same 1990 Los Angeles County Superior Court judgment of conviction as the prior habeas petition lodged for filing by petitioner in this Court on October 5, 1999 in Case No. CV 99-05405-R (Mc) [hereinafter the "Prior Action"]. On November 4, 1999, Judgment was entered in the Prior Action dismissing the petition with prejudice, based on the Magistrate Judge's finding and conclusion that the petition was time barred. Petitioner filed a Notice of Appeal from that Judgment. However, his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28

U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition

1  second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that
2  petitioner is purporting to raise the same claims as those previously raised in the Prior
3  Action, § 2244(b)(1) compels dismissal of those claims. To the extent that petitioner
4  is now purporting to raise new claims of error, it was incumbent on him under §
5  2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court
6  to consider those claims, prior to his filing of the instant Petition in the District Court.
7  Such permission will be granted only if "the application makes a prima facie showing
8  that the application satisfies the requirements of [Section 2244(b)]." See id. Only
9  after the Circuit has made the initial determination that the petitioner has made a
10 prima facie showing under § 2244(b)(2) does the district court have any authority to
11 consider whether the petitioner has, in fact, met the statutory requirements of §
12 2244(b). See 28 U.S.C. § 2244(b)(4). Under § 2244(b)(4), the petitioner must make
13 "more than another prima facie showing" in the district court; the "district court must
14 conduct a thorough review of all allegations and evidence presented by the prisoner
15 to determine whether the [petition] meets the statutory requirements for the filing of
16 a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160,
17 1164-65 (9th Cir. 2000).

18  While it does not appear to the Court that petitioner can make the requisite
19 prima facie showing here with respect to his "actual innocence" claim, that is a
20 determination for the Ninth Circuit to make in the first instance. Petitioner's failure
21 to secure an order from the Ninth Circuit authorizing the District Court to consider
22 any new claims being alleged in the Petition now pending, prior to his filing of the
23 Petition in the District Court, deprives the Court of subject matter jurisdiction. See
24 Cooper, 274 F.3d at 1274.
25 //
26 //
27 //
28 //

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Jan. 3, 2012

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge